IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ISAAC GREEN, : | |
|     Plaintiff, : | |
| : | |
| v. : | |
| : | CIVIL ACTION NO. |
| RICHARD PENNINGTON, : | 1:05-CV-1246-JOF |
| individually and in his official capacity : | |
| as Chief of Police of the City of Atlanta : | |
| Police Department, et al., : | |
|     Defendants. : | |

**OPINION AND ORDER**

This matter is before the court on Defendants' motion for summary judgment [6].

**I.     Background**

    **A.     Procedural History**

On May 11, 2005, Plaintiff, Isaac Green, filed suit against Defendants, Richard Pennington, individually and in his official capacity as Chief of Police of the City of Atlanta Police Department, the City of Atlanta, and three John Doe defendants, for violations of 42 U.S.C. § 1983, equal protection violations, due process violations, fraud, misrepresentation, and conspiracy to commit fraud. On December 14, 2005, Defendants filed a motion for summary judgment. Plaintiff has yet to respond to Defendants' motion for summary judgment.

### B.      Facts

Plaintiff, a former officer for the City of Atlanta Police Department, was terminated after he was videotaped removing money from a decoy vehicle that contained drugs and cash. Defendants' Statement of Material Facts, ¶ 1.[1]  Plaintiff was notified of the charges against him, for the alleged theft, on May 3, 2002.  Defendants' Statement of Material Facts, ¶ 6.  On September 24, 2002, Plaintiff had a Civil Service Hearing before the Atlanta Civil Service Board to contest his termination.  *Id.*  The Civil Service Board upheld Plaintiff's termination in a decision issued on October 17, 2002.  Defendants' Statement of Material Facts, ¶ 7. Plaintiff states that he received a copy of the Board's final decision on January 27, 2003.  *Id.* Plaintiff has not filed an ante litem notice with the City in support of his tort claims. Defendants' Statement of Material Facts, ¶ 9.

### C.      Contentions

Defendants contend that the court should dismiss Plaintiff's federal claims as they are barred by the applicable statute of limitations.  With regard to Plaintiff's state law tort claims, Defendants argue that this court should decline to exercise supplemental jurisdiction as the claims supporting jurisdiction for this court, federal question jurisdiction relating to Plaintiff's federal due process and equal protection claims, are barred by the statute of

---

[1] Plaintiff never disputed Defendants' Statement of Material Facts.  Therefore, the court must deem the facts presented by Defendants to have been admitted by Plaintiff.  *See* Local Rule 56.1(B)(2).

limitation. In the alternative, Defendants contend that Plaintiff's state law claims are barred as Plaintiff has failed to file an ante litem notice with the City in support of his state law tort claims within the required six-month window. Further, Defendants aver that Plaintiff's complaint and evidence are insufficient to avoid a no-evidence motion for summary judgment.

## II.  Discussion

As an initial matter, "Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred. The first step in any such claim is to identify the specific constitutional right allegedly infringed." *Albright v. Oliver*, 510 U.S. 266, 271 (1994). Therefore, the court finds that count one in Plaintiff's complaint, for violations of 42 U.S.C. § 1983, is more appropriately viewed as the vehicle for bringing Count Two for due process and equal protection violations.

The first issue raised by Defendants is whether Plaintiff's federal claims are time barred. In *Wilson v. Garcia*, 471 U.S. 261 (1985), the United States Supreme Court held that the state limitations period applicable to personal injury actions should be applied to all actions brought pursuant to 42 U.S.C. § 1983. *See also Kelly v. Serna*, 87 F.3d 1235, 1238 (11th Cir. 1996). Accordingly, the Eleventh Circuit has indicated that the two-year personal injury limitations period found in O.C.G.A. § 9-3-33 applies to section 1983 actions brought in district courts located within the state of Georgia. *Id.*; *Mullinax v. McElhenney*, 817 F.2d 711, 715-16 (11th Cir. 1987). The last possible date from which Plaintiff could possibly claim injury was his notice of termination pursuant to the Civil Service Board decision, which

occurred on January 27, 2003. As Plaintiff did not file his action until May 11, 2005, Plaintiff's federal claims are barred by the applicable statute of limitations. Thus, the court GRANTS Defendants' motion for summary judgement with regard to Plaintiff's federal claims.

Having dismissed Plaintiff's federal claims, and noting a lack of complete diversity so as to preclude original jurisdiction under 28 U.S.C. § 1332, the court declines to exercise jurisdiction over Plaintiff's remaining state law claims pursuant to 28 U.S.C. § 1367(c)(3). Therefore, the court DISMISSES WITHOUT PREJUDICE Plaintiff's remaining state law claims.

### III.  Conclusion

The court GRANTS Defendants' motion for summary judgement with regard to Plaintiff's federal claims. The court DISMISSES WITHOUT PREJUDICE Plaintiff's remaining state law claims.

**IT IS SO ORDERED** this 30th day of May 2006.

                                               s/ J. Owen Forrester
                                               J. OWEN FORRESTER
                                 SENIOR UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)